UNITED STATES DISTRICT COURT
DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.
                             Case No. 95-20184

HENRY BAKER,
    Defendant.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO CORRECT THE RECORD UNDER RULE 36

Comes now, defendant, acting in pro-se, and respectfully submits this memorandum of law in support of his Fed. R. Crim. P. 36.

Defendant submits that Rule 36 of the Federal Rules of Criminal Procedure states in part, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." (West 2015)

Rule 32(i)(3)(C) states in part "At sentencing, the court: must append a copy of the court's determinations under this rule to any copy of the presentece report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C). (West 2015)

In the motion, the defendant submits to the court that he recently learned of this omission and/or oversight by the BOP staff at the United States Penitentiary. See Affidavit of defendant attached hereto and incorporated by reference.

In United States v. Bartlett, 416 Fed. Appx 508 (6th Cir. 2011), the court cited Rule 32(i)(3)(C) and stated that the court should append it's detrminations to the PSR to comply with the rule.

In United States v. White, 492 F.3d 380, 415 (6th Cir. 2007) the court stated in pertinent part " We hasten to note, as we have done many times, that we require 'literal compliance' with this Rule for a variety of reasons, such as enhancing the accuracy of the sentence and the clarity of the record."(Citing United States v. Treadway, 328 F.3d 878, 886 (6th cir. 2003); United States v. Monus, 128 F.3d 376, 396 (6th Cir. 1997).

In the case at bar, there is no "Statement of Reasons" attached to the judgment nor, any determinations or sentencing transcripts attached to the presentence invetsigation report as is required by Rule 32, supra and mandates of this Court and the Sixth Circuit.

In this case, during sentencing numerous matters were objected to and disputed by the defendant. See DE ____. The court adopted all sections of the PSR except for the Obstruction of Justice Sections. Dterminations nor the sentencing transcripts themselves were not attahced to the PSR and therefore, this should be corrected.

In addition, a Statement of Reasons should be appended to the Judgment as required or set out in the rules.

FOR THE FOREGOING, Defendant prays this Court will order the above be done forthwith and provided to the Bireau of Prisons via standard procedures.

Respectfully Submitted,

Henry Baker #15345-076
P.O. Box 26030 / USP
Beaumont, Tx 77720

-2-

COUNTY OF JEFFERSON, )
                       )   SS
STATE OF TEXAS. )

### AFFIDAVIT

I, Henry Baker, hereby declare under the penalty of perjury that the following facts are true and correct:

1.      That I recently learned that no Statement of Reasons or Sentencing Determinations/Sentencing Transcripts was appended to my Presentence Invetsigation Report.

2.      That during prior to my sentence I objected to sections of the PSI and the Court adopted the PSI accept for the entire Obstruction of Justice Section ( I cannot remember the actual section numbers of the Obstruction of Justice ).

3.      Prisoners in the Bureau of Prisons cannot have their PSI or Statement of Reasons in their possession. P.S. 1351.05 (Amended 4/2/15 P.S. 1351.05) Relevant portion attached hereto and incorporated by reference.

4.      I spoke with staff who advised me that those required appended documents are not there and never were provided by the Court.

Further, affiant sayeth naught.

Executed 7/14/15

_____
Affiant/ Henry Baker

## Certificate of Service

I hereby certify that a true and exact copy of the foregoing has been mailed to Mr. Tony Arvin, AUSA, 167 N. Main St., Memphis, TN 38103, this 14th day of July, 2015, via firts calss, us mail, postage prepaid.

Respectfully Submitted,

Henry Baker, Pro-se