IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 95-20184-STA |
| ) | |
| HENRY BAKER, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO CORRECT THE RECORD**

Defendant Henry Baker, Bureau of Prisons no. 15345-0076, an inmate at USP Beaumont, filed the instant Motion to Correct the Record (ECF No. 267) on July 20, 2015. Defendant requests that the Court correct the record pursuant to Federal Rule of Criminal Procedure 36 and amend the presentence investigative report pursuant to Rule 32. Defendant states that he raised a number of objections to the PSR at his sentencing hearing on January 31, 1997. Defendant explains that he recently learned from the BOP that the Court did not attach a copy of its factual determinations at sentencing or the sentencing transcript to the presentence report. Defendant argues that attaching a "statement of reasons" or copy of the transcript to the PSR is mandatory under Rule 32(i)(3)(C).

Rule 32(i)(3)(C) requires a district court at sentencing to "append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons."[1] The Sixth Circuit requires "literal compliance" with the rule but allows a

---

[1] Fed. R. Crim. P. 32(i)(3)(C).

1

sentencing court to comply in a number of ways.[2]  For example, a court may attach a copy of a sentencing transcript to the PSR to meet the requirements of Rule 32(i)(3)(C) but is not required to do so.[3]  In any case, a defendant must allege prejudice from a violation of Rule 32(i)(3)(C).[4]  Here Defendant has not shown what determinations the Court made at sentencing or how any supposed failure to attach those determinations to his PSR has resulted in any prejudice to him more than 18 years after his sentencing.  Without more Defendant has not shown why the Court should grant his request.  Therefore, the Motion to Correct the Record is **DENIED**.

    **IT IS SO ORDERED.**

                                                s/ S. Thomas Anderson
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date:  August 4, 2015.

---

[2] *United States v. Roberge*, 565 F.3d 1005,1011 (6th Cir. 2009).

[3] *United States v. Bartlett*, 416 F. App'x 508, 512 (6th Cir. 2011).

[4] *Id.* at 512; *United States v. Lantz*, 443 F. App'x 135, 147 (6th Cir. 2011); *United States v. Mason*, 294 F. App'x 193, 202 n.3 (6th Cir. 2008).